In the Matter of the Application of the PEOPLE OF THE STATE OF NEW YORK, by JAMES A. BEHA, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Liquidate the Business of THE JEWELERS' SAFETY FUND SOCIETY.

Supreme Court, New York County, February 20, 1930.

*Clarence C. Fowler* [*Gardiner Conroy* of counsel], for the liquidator.

*Matthew J. Wheelehan*, for the claimants.

LEVY, J.   On this motion to confirm the referee's report, the objections interposed are those of the claimants, Segman and Abrahams.

As to the claim under policy No. 42738, it seems to me that the testimony adduced on behalf of the claimants established, at least, *prima facie* a loss within the provisions of the policy insuring against " loss or damage by any and all risks of fire or theft and any and all risks of transportation by land or water."   The burden of proving that the jewelry was stolen or embezzled by the salesman to whom it

was intrusted, under the terms of the policy, rested upon the insurer, and as no evidence in this direction was offered, it is my opinion that this burden was not sustained. The salesman's disappearance is as consistent with his having been the victim of robbers and murderers possibly, as it is with his having been guilty of theft or embezzlement. With regard to the claim that the policy limited the time to commence an action thereon to a period of twelve months after the occurrence of the loss, suffice it to point out that it also contained a provision that all other insurance carried by the assured " must be entirely exhausted before any claim can be made hereunder." The claimants did possess insurance in Lloyds and they did not exhaust their rights thereunder until they settled their litigation with Lloyds in 1927. Moreover, it was established by uncontradicted testimony that the insurer herein waived the limitation contained in the policy by promising to make good to the claimants whatever they could not collect from Lloyds. It follows that the report of the referee, in so far as it disallows the claim upon policy No. 42738, may not properly be confirmed. As the evidence offered with regard to this claim is unchallenged, the court is in a position to allow the claim without the necessity of a resubmission to a referee, and the claim is accordingly allowed.

As to the claim under policy No. 43967, the evidence satisfies me that the claimants failed to establish that the loss occurred " whilst such goods are outside of the stores, offices or manufactories of the member." On the contrary, the loss appears to have been an " unexplained shortgage " in stock, and as such, to fall within one of the exceptions to the insurer's liability stipulated in the policy. It is unnecessary, therefore, to consider the other objections made to the claim. The referee's report, as it relates to this claim, is confirmed.

The motion is granted to the extent indicated. Settle order.